FILED
2017 Jul-19 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JUDY R. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| OLYMPIA MANAGEMENT, INC., ) | |
| ) | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from unlawful employment termination based on age and race discrimination instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"). Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Judy R. Sanders ("Plaintiff") timely filed a charge of discrimination against defendant Olympia Management, Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days from her termination.

3. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued by the EEOC.

## II.  PARTIES

4.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Calera, Shelby County, Alabama.

5.  Defendant is a corporation headquartered in Albertville, Alabama.  It is and was at all times relevant to this complaint an employer as contemplated under the ADEA and Title VII.

## III.  STATEMENT OF FACTS

6.  Plaintiff is Caucasian.

7.  Plaintiff was born in 1949.

8.  In or about August of 2014, Plaintiff became employed by Defendant when it purchased an apartment complex, Gables Crossing in Centreville, Alabama, that she had been managing.

9.  Plaintiff continued to serve as the property manager there after she was hired by Defendant.

10.  Approximately two-thirds of the residents were African-American.

11.  On or about April 4, 2016, Plaintiff's Regional Manager, Eddie Williams, came to the property.

12.  Williams had been Plaintiff's Regional Manager for about six months.

13.  Williams told Plaintiff that "they" were making him terminate her.

14. Williams did not say who "they" were.

15. Plaintiff asked Williams why, and he said that "they" had said things were not working out.

16. Plaintiff had had no disciplinary actions, nor had she ever been told she was not performing well.

17. Plaintiff was replaced with Francina Lockett.

18. Lockett is African-American and was in her late 30's or early 40's at the time.

### IV.  CAUSES OF ACTION

### COUNT I

### ADEA

19. Paragraphs 1-18 above are incorporated by reference.

20. Defendant violated Plaintiff's rights under the ADEA by terminating her employment because of her age.

21. Defendant knew, or showed reckless disregard for whether, its termination of Plaintiff violated the ADEA.

22. Defendant acted in willful violation of the ADEA.

23. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's employment act as described herein violated the ADEA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under the ADEA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay with interest, providing compensation for other out-of-pocket losses related to the termination of her employment with interest, ordering Defendant to pay liquidated damages, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)  That the Court award such other available legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## TITLE VII

24. Paragraphs 1-18 above are incorporated by reference.

25. Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her race.

26. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by rehiring her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

### 42 U.S.C. §1981

27. Paragraphs 1-18 above are incorporated by reference.

28.  Defendant violated Plaintiff's rights under §1981 by terminating her employment because of her race.

29.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated §1981;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by rehiring her and placing her in the position she would have occupied in the absence

of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter<br>Attorney for Plaintiff

<u>Defendant's Address</u>:
Olympia Management, Inc.
c/o Jeff Beaver, Registered Agent
404 East McKinney Ave.
Albertville, AL 35950